# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

**U.S.A. vs. Trini Louis Charlton**                    **Docket No. 5:12-CR-183-1H**

### Petition for Action on Supervised Release

COMES NOW Eddie J. Smith, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Trini Louis Charlton, who, upon upon a finding of guilt by jury to 18 U.S.C. §§ 2113(e) and 2, Bank Robbery, 18 U.S.C. §§ 2113(d) and 2, Bank Robbery with a Dangerous Weapon, and 18 U.S.C. §§ 924(c)(1) and 2, Carry and Use Firearm During Bank Robbery, was sentenced by the Honorable William L. Osteen, U.S. District Judge in the Middle District of North Carolina (MDNC), on December 30, 1994, to the custody of the Bureau of Prisons for a term of 160 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 60 months under the standard conditions adopted by the court and the following additional conditions:

1.      If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.      If this judgement imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3.      The defendant shall not own or possess a firearm or destructive device.

4.      The defendant shall participate in a substance abuse treatment program which may include urinalysis, or other forms of testing as directed by the U.S. Probation Officer.

5.      The defendant shall provide the U.S. Probation Officer access to any requested financial information.

6.      The defendant shall pay restitution as set out on page 4 of this judgment.

The amount of restitution is $18,927.00 and was ordered to be paid jointly and severally with co-defendant Tracy Lee Charlton. Trini Louis Charlton was released from custody on December 20, 2010, at which time the term of supervised release commenced. On March 2, 2011, the court modified the conditions of supervision to include the following:

> In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of the term of supervised release, the defendant shall make payments in equal, monthly installments of $25.00 to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.

On April 27, 2012, a violation report was submitted to the MDNC reporting the defendant tested positive for marijuana on April 26, 2012 and acknowledged using marijuana on April 24, 2012. As a result, we requested a transfer of jurisdiction. Jurisdiction was transferred from the MDNC to the Eastern District of North Carolina on June 14, 2012.

On June 25, 2012, as a result of the defendant testing positive for marijuana on June 1, 2012, the court modified the conditions of supervision to include the following:

> The defendant shall be confined in the custody of the Bureau of Prisons for a period of 6 days, as directed by the probation office, and shall abide by all rules and regulations of the designated facility.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The defendant submitted to a urine sample on August 14, 2012, that tested positive for marijuana. When confronted with the results, the defendant signed an admission acknowledging his use of marijuana on August 11, 2012. As a result of the defendant's continued marijuana use, he was recently enrolled in substance abuse counseling. In an effort to deter additional use, we are recommending that the conditions of supervision be modified to 90 days of home detention with electronic monitoring. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

> The defendant shall abide by all conditions and terms of the home detention program for a period not to exceed 90 consecutive days. The defendant shall be restricted to his residence at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court obligations or other activities as approved by the probation officer. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Robert L. Thornton | /s/ Eddie J. Smith |
| Robert L. Thornton | Eddie J. Smith |
| Supervising U.S. Probation Officer | U.S. Probation Officer |
| | 310 Dick Street |
| | Fayetteville, NC 28301-5730 |
| | Phone: (910) 483-8613 |
| | Executed On: August 14, 2012 |

Trini Louis Charlton
Docket No. 5:12-CR-183-1H
Petition For Action
Page 3

## ORDER OF COURT

Considered and ordered this __15th__ day of __August__ , 2012, and ordered filed and
made a part of the records in the above case.

_Malcolm J. Howard_

Malcolm J. Howard
Senior U.S. District Judge